UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NEIL SHILTZ,**

    **Plaintiff,**

**-v-**　　　　　　　　　　　　　　　　　　　　　　**Case No.:  2:15-cv-2442**
　　　　　　　　　　　　　　　　　　　　　　　　　　**JUDGE SMITH**
　　　　　　　　　　　　　　　　　　　　　　　　　　**Magistrate Judge King**

**CITIMORTGAGE INC.,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendant CitiMortgage, Inc.'s Motion to Dismiss (Doc. 8), and Plaintiff Neil Shiltz's Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 11).  These motions are ripe for review.  For the reasons that follow, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction is **DENIED**.

### I.　　BACKGROUND

Plaintiff, Neil Shiltz, proceeding *pro se*, initiated this case on June 22, 2015.  (*See* Compl., Doc. 2).  Plaintiff names as defendants, CitiMortgage and Does 1 through 10.  Plaintiff alleges violations of Ohio Revised Code sections 2329.26(A)(2) and 2329.20, and claims for fraud and punitive damages based on the foreclosure of his home located at 1926 Potts Hill Road, Bainbridge, Ohio 45216.

Plaintiff's property was the subject of a foreclosure action in the Ross County Common Pleas Court and was ultimately sold at a Sherriff's sale on March 25, 2015.[1]  Plaintiff has not appealed the state court decision.

## II.   STANDARDS OF REVIEW

Defendant brings this motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that Plaintiffs have failed to state a claim upon which relief can be granted. Plaintiff is proceeding *pro se* and courts "liberally construe pro se complaints and hold such complaints to a less stringent standard than pleadings prepared by attorneys."  However, this leniency is not without limits.  *See Frengler v. GM*, 482 F. App'x. 975, 976-77 (6th Cir. 2012). The "'leniency standard' has still required basic pleading standards." *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004) (citing *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989)).

Under the Federal Rules, any pleading that states a claim for relief must contain a "short and plain statement of the claim" showing that the pleader is entitled to such relief.  Fed. R. Civ. P. 8(a)(2).  To meet this standard, a party must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  A claim will be considered "plausible on its face" when a plaintiff sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[1] Plaintiff alleges in his Complaint that his property was sold on March 25, 2013, but Defendant has attached the Journal Entry Confirming Sale on March 25, 2015, which was filed with the Ross County Court of Common Pleas on June 17, 2015.  (*See* Doc. 8-3).  The Sixth Circuit has recognized that "if a plaintiff references or quotes certain documents or if public records refute a plaintiff's claim, a defendant may attach those documents to its motion to dismiss, and a court can then consider them in resolving the Rule 12(b)(6) motion without converting the motion to dismiss into a Rule 56 motion for summary judgment.  *KBC Asset Mgmt. N.V. v. Omnicare, Inc. (In re Omnicare, Inc. Sec. Litig.)*, 769 F.3d 455, 466 (6th Cir. 2014).

Rule 12(b)(6) allows parties to challenge the sufficiency of a complaint under the foregoing standards.  In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663.  Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint;" a recitation of facts intimating the "mere possibility of misconduct" will not suffice.  *Flex Homes, Inc. v. Ritz-Craft Corp of Michigan, Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *see also Iqbal*, 556 U.S. at 679.

Plaintiff moves this Court for a temporary restraining order and preliminary injunction. In considering whether injunctive relief is warranted, this Court must consider (1) whether Plaintiff has demonstrated a strong likelihood of success on the merits; (2) whether Plaintiff will suffer irreparable injury in the absence of equitable relief; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest is best served by granting the injunction. *Cooey v. Strickland*, 589 F.3d 210, 218 (6th Cir. 2009) (citing *Workman v. Bredesen*, 486 F.3d 896, 905 (6th Cir. 2007); *Ne. Ohio Coal. for Homeless & Serv. Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)).  As the Sixth Circuit has explained, "'[t]hese factors are not prerequisites that must be met, but are interrelated

considerations that must be balanced together.'" *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

## III. DISCUSSION

Defendant moves to dismiss Plaintiff's Complaint arguing that all of Plaintiff's claims are barred by the *Rooker-Feldman* doctrine and *res judicata*. Additionally, Defendant argues that Plaintiff's fraud claim fails to plead all of the necessary elements of fraud as required under Rule 9(b) of the Federal Rules of Civil Procedure. Plaintiff, however, argues that he has alleged independent claims that were not adjudicated in state court and therefore not barred by *Rooker-Feldman* and *res judicata*. The Court will address these arguments in turn.

### A. *Rooker-Felman* Doctrine

The *Rooker-Feldman* doctrine is designed to safeguard "our dual system of government from federal judicial erosion." *Squirek v. Law Offices of Sessoms & Rogers, P.A.*, 2003 U.S. Dist. LEXIS 7760 (M.D. N.C. May 5, 2003). It protects the state judicial systems by recognizing that the "independence of state courts would surely be compromised if every adverse decision in state court merely rang the opening bell for federal litigation of the same issues." *Id.* (quoting *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000)). Therefore, if a Plaintiff cannot succeed on a federal claim without requiring a district court to re-examine issues already decided by a state court, the district court cannot exercise subject matter jurisdiction.

The *Rooker-Feldman* doctrine originates from two Supreme Court decisions, which were rendered 60 years apart. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In both cases, the plaintiffs challenged the validity of state court decisions by filing suit in federal district court. In *Rooker*, the plaintiff asked the district court to render the state court judgment against him "null and void." *See Rooker*, 263 U.S. at 414-15. In *Feldman*, the plaintiffs filed suit against the actual state court that had

4

rejected the plaintiffs' applications to practice law. *Feldman*, 460 U.S. at 478-79. In both cases, the Supreme Court dismissed the suits for lack of subject-matter jurisdiction, reasoning that pursuant to 28 U.S.C. § 1257, only the Supreme Court, and not the lower federal courts, enjoys appellate jurisdiction over state court decisions. *See Rooker*, 263 U.S. at 414-15; *Feldman*, 460 U.S. at 478-79. Significantly, the *Feldman* Court reasoned that the plaintiffs could challenge the state rules themselves in federal court on constitutional grounds; such a challenge would not be asking the district court to exercise appellate authority over a state court, but normal preclusion rules would still apply. *Feldman*, 460 U.S. at 487-88; *see also Todd v. Weltman, Weinberg & Reis Co.*, 434 F.3d 432, 435-36 (6th Cir. 2006) (discussing the Supreme Court's analysis in the *Rooker* and *Feldman* cases more extensively). The source of the plaintiffs' alleged injury, then, was dispositive in *Feldman* on the issue of jurisdiction, a distinction which the Supreme Court reiterated more than 20 years later in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005).

Whether the *Rooker-Feldman* doctrine applies involves a two-part inquiry. First, the Court considers whether the federal claim is "inextricably intertwined" with the claim asserted in the earlier state court action. A claim is "inextricably intertwined" if "the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Hutcherson v. Lauderdale Cty., Tennessee*, 326 F.3d 747, 756 (6th Cir. 2003) (quoting *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998)). Second, the Court considers "whether the federal claim is a 'general challenge to the constitutionality of the state law applied in the state action,' to which the *Rooker-Feldman* doctrine would not apply, or 'a specific

5

grievance that the law was invalidly--even unconstitutionally--applied in the plaintiff's particular case,' that would raise a *Rooker-Feldman* bar." *Id.*

This Court has specifically addressed the application of the *Rooker-Feldman* doctrine in a case that arose from a state foreclosure proceeding and in which plaintiff sought relief related to alleged fraud. In *Hohenstein v. MGC Mortg., Inc.*, 2012 U.S. Dist. LEXIS 12110, *5-7 (S.D. Ohio Feb. 1, 2012) (Frost, J.), citing *Dunn v. Clunk*, 2011 U.S. Dist. LEXIS 116413, *1-2 (N.D. Ohio Oct. 7, 2011), the Court explained:

> As a threshold matter, this Court cannot void the judgment of foreclosure. Federal district courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the State court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id*. Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Johnson v. De Grandy*, 512 U.S. 997, 1005-06, 114 S. Ct. 2647, 129 L. Ed. 2d 775 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. *Lavrack v. City of Oak Park*, No. 98-1142, 1999 U.S. App. LEXIS 24340, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); *see Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir. 1992).

In the present action, Plaintiff essentially questions the state court's decision granting a foreclosure and sale, essentially seeking an improper appeal to this Court. Any review of federal claims asserted in this context would require the Court to review the specific issues addressed in the state court proceedings against him. Specifically, this Court cannot grant Plaintiff the relief sought without interfering with the disposition of the state court proceeding and ultimately invalidating the judgment of foreclosure. Therefore, this Court lacks subject matter jurisdiction

to conduct such a review or grant the relief as requested. *Feldman*, 460 U.S. at 483-84 n.16; *Catz*, 142 F.3d at 293.

**B.     *Res Judicata***

The doctrine of *res judicata* actually encompasses two distinct concepts.  Under the principle of claim preclusion, or "true" *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).  Issue preclusion, or collateral estoppel, mandates that "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *Heyliger v. State Univ. & Cmty. College Sys.*, 126 F.3d 849, 852 (6th Cir. 1997).  Under Ohio law, issue preclusion "prevents parties or their privies from relitigating facts and issues in a subsequent suit that were fully litigated in a prior suit." *Thompson v. Wing*, 70 Ohio St. 3d 176, 183 (1994).[1] The purpose of the doctrine of *res judicata* is to conserve judicial resources and to protect parties from the cost of litigating and relitigating the same matters in various forums.  *See Allen v. McCurry*, 449 U.S. 90 (1980).

The Sixth Circuit employs a four-part test in determining whether *res judicata* bars claims raised in subsequent litigation. Specifically, *res judicata* applies where there exists: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or

---

[1] Issue preclusion applies when the fact or issue "(1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, (3) when the party against whom [issue preclusion] is asserted was a party [or] in privity with a party to the prior action." *Becherer v. Merrill Lynch*, 193 F.3d 415, 422 (6th Cir. 1999) (*quoting Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997)).

which should have been litigated in the prior action; and (4) an identity of the causes of action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995).  Applying this test, the Court finds that all of the issues raised in this case, could have been litigated in the state action.  Plaintiff, in the case at bar, asserts that these are new arguments and he has not received a decision on them. But, there is no dispute that all the facts that form the basis of his claims raised here stem from the same arguments that were raised, or could have been raised in the state court proceedings. Plaintiff could have raised all the arguments he has raised here during the foreclosure action, such as he didn't receive notice of the foreclosure proceedings and the alleged fraud.  Further, Plaintiff could have appealed the foreclosure action and sale of his home, but failed to do so. Accordingly, all of Plaintiff's claims are barred by *res judicata*.

## IV. DISPOSITION

Based on the aforementioned discussion, Defendant CitiMortgage, Inc.'s Motion to Dismiss is **GRANTED**.  In light of the ruling on Defendant's Motion to Dismiss, Plaintiff cannot establish a likelihood of success on the merits and therefore his Motion for Temporary Restraining Order and Preliminary Injunction is **DENIED**.

The Clerk shall remove Documents 8 and 11 from the Court's pending motions list and close this case.

**IT IS SO ORDERED.**

                                                           /s/ *George C. Smith*
                                                           **GEORGE C. SMITH, JUDGE**
                                                           **UNITED STATES DISTRICT COURT**